The Honorable Mary Jo Heston
Chapter 7
Hearing Location: Tacoma Federal Courthouse
Union Station, Courtroom H, 1717 Pacific
Avenue, Ste 2100, Tacoma, WA 98402-3233
Hearing Date: January 4, 2018
Hearing Time: 9:00 a.m.
Response Date:  December 28, 2017

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re:<br><br>Heather Ann Stewart<br><br>    Debtor | Case No.: 17-41711-MJH<br><br>Chapter    7<br><br>MOTION FOR RELIEF FROM STAY AND MEMORANDUM IN SUPPORT THEREOF |

COMES NOW, Seterus, Inc. as the authorized subservicer for Federal National Mortgage Association ("Fannie Mae") ("Creditor") and moves the Court pursuant to 11 USC §362(d) for an Order Terminating the Automatic Stay, allowing Creditor to proceed with any and all contractual and statutory remedies incident to the interest held by virtue of the note and deed of trust described below and attached as exhibits to this motion and memorandum.

## I. RELEVANT FACTS

### A. The Property

On or about March 1, 2007, Heather Stewart executed a note in favor of First Magnus Financial Corporation, an Arizona Corporation in the original principal amount of $133,600.00 ("Note").  The debt described by the Note is secured by a deed of trust ("Deed of Trust") properly recorded and creating a lien against property commonly described as 8305 Cirque Drive West Unit 5, University Place, WA 98467 (the "Property").

Motion for Relief - 1
MH# WA-17-136577

McCarthy & Holthus, LLP
108 1st Avenue South, Ste. 300
Seattle, WA 98104
(206) 596-4856

Case 17-41711-MJH    Doc 24    Filed 11/30/17    Ent. 11/30/17 14:06:00    Pg. 1 of 5

Creditor is the holder of the Note and thus has standing to enforce the Note pursuant to RCW §62A.3-301. The Deed of Trust was pledged as incident to the Note and thus, as the holder of the Note, Creditor also has the right to enforce the Deed of Trust that follows the note.

Subsequent to the execution of the Note and Deed of Trust, Debtors have filed for protection under Chapter 7 of Title 11 of the United States Code.

Upon information and belief, no foreclosure sale is pending as of the date of this motion.

### B. The Debt

As of the date of this motion, Debtor is due for the April 1, 2017 payment. The approximate amount owed under the terms of the Note is $138,092.05. This is an approximation of the lien, including principal balance plus accrued interest, late charges, escrow shortages and other fees and costs, as allowed under the terms of the Deed of Trust. This estimate is accurate as of the date provided to counsel for the Creditor and is intended only for the purposes of this motion. This amount cannot be relied upon for any other purposes, including payoff of the secured debt. A complete, date specific and itemized payoff figure may be obtained from Movant upon written request to counsel for Creditor.

In addition to the debt owed to creditor there is a lien in favor of Real Time Resolutions in the amount of $30,633.00.

### C. The Value of the Property

The value of the Property as represented in Debtor's sworn schedules is $120,950.00.

Motion for Relief - 2
MH# WA-17-136577

McCarthy & Holthus, LLP
108 1st Avenue South, Ste. 300
Seattle, WA 98104
(206) 596-4856

Case 17-41711-MJH    Doc 24    Filed 11/30/17    Ent. 11/30/17 14:06:00    Pg. 2 of 5

## II. ARGUMENT AND AUTHORITY

### A. Standing

To prosecute a motion for relief from the automatic stay as to enforcement of a note and deed, a movant must establish that it has an interest in the note, either as a holder, or as a party entitled to enforce the note. See *In re Veal*, 450 B.R. 897 (9th Cir. BAP 2011). In the case at bar, the declaration and exhibits supporting the motion establish that Creditor is the holder of the Note and thus has standing to prosecute the present motion.

### B. Basis for Relief from Stay

Under 11 U.S.C. 362(d)(2), on request of a party in interest, the court *shall* grant relief from stay if there is no equity in the property and the property is not necessary for an effective reorganization. In the case at bar, after consideration of all liens against the Property including the secured lien of Creditor, the Debtor's claimed exemptions against the Property, and the costs of liquidation that would be associated with any sale of the Property, there is no equity for the estate. Because the Debtor has filed for protection under the liquidation provisions of Chapter 7, there is no reorganization and thus the Property cannot be argued as necessary for an effective reorganization.

Under 11 U.S.C. 362(d)(1), on request of a party in interest, the court shall grant relief from the stay for cause, including the lack of adequate protection of an interest in such property. Adequate protection is lacking where there is an insufficient equity cushion in the subject property. *In re Mellor*, 734 F.2d 1396 (9th Cir. 1984). In the case at bar, considering the value of the Property against the amount owed to Creditor, there is no equity cushion and thus Creditor lacks adequate protection and the stay should be terminated.

## III. RELIEF REQUESTED

For the reasons stated above, Creditor requests:

1. An Order Terminating the Automatic Stay.

Motion for Relief - 3
MH# WA-17-136577

McCarthy & Holthus, LLP
108 1st Avenue South, Ste. 300
Seattle, WA 98104
(206) 596-4856

Case 17-41711-MJH    Doc 24    Filed 11/30/17    Ent. 11/30/17 14:06:00    Pg. 3 of 5

2. Alternatively, for an Order requiring adequate protection of Movant's interest in the Property.

3. For such other relief as the Court deems proper.

Dated: November 30, 2017          McCarthy & Holthus, LLP


/s/ Lance Olsen
Lance E. Olsen, Esq. WSBA# 25130
Joseph T. McCormick III, Esq. WSBA# 48883
Attorney for Movant

Motion for Relief - 4
MH# WA-17-136577

McCarthy & Holthus, LLP
108 1st Avenue South, Ste. 300
Seattle, WA 98104
(206) 596-4856

Case 17-41711-MJH    Doc 24    Filed 11/30/17    Ent. 11/30/17 14:06:00    Pg. 4 of 5

## CERTIFICATE OF SERVICE

On 11/30/2017, I served the foregoing **NOTICE OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY; MOTION FOR RELIEF FROM AUTOMATIC STAY; DECLARATION IN SUPORT OF MOTION FOR RELIEF FROM AUTOMATIC STAY AND ALL EXHIBITS SUPORTING THE MOTION AND DECLARATION** on the following individuals by electronic means through the Court's ECF program:

**TRUSTEE**
Kathryn A Ellis
kae@seanet.com

**DEBTOR(S) COUNSEL**
Dorothy A. Bartholomew
assistant@findbankruptcy.com

**I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.**

/s/ Salvador Arroyo
Salvador Arroyo

On 11/30/2017, I served the foregoing **NOTICE OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY; MOTION FOR RELIEF FROM AUTOMATIC STAY; DECLARATION IN SUPORT OF MOTION FOR RELIEF FROM AUTOMATIC STAY AND ALL EXHIBITS SUPORTING THE MOTION AND DECLARATION** on the following individuals by depositing true copies thereof in the United States mail, enclosed in a sealed envelope, with postage paid, addressed as follows:

**DEBTOR**
Heather Ann Stewart, 8305 Cirque Drive W. Unit 5, University Place, WA 98467

**US TRUSTEE**
700 Stewart St Ste 5103, Seattle, WA 98101

**OTHER LIEN HOLDER(S)**
Real Time Resolutions, Attn: Bankruptcy, PO Box 36655, Dallas, TX 75235

**I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.**

/s/ Christian Aguilar
Christian Aguilar

Certificate of Service - 5
MH#WA-17-136577

McCarthy & Holthus, LLP
108 1st Avenue South, Ste. 300
Seattle, WA 98104
(206) 596-4856

Case 17-41711-MJH    Doc 24    Filed 11/30/17    Ent. 11/30/17 14:06:00    Pg. 5 of 5