UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re | No. 17-41711 |
| HEATHER STEWART, | DECLARATION OF KATHRYN A. ELLIS IN SUPPORT OF MOTION TO APPROVE SALE OF PROPERTY FREE AND CLEAR OF LIENS PURSUANT TO 11 U.S.C. § 363 (f) |
| Debtor. | |

Kathryn A. Ellis, declares and states as follows:

1.      I am the Chapter 7 Trustee herein, have testimonial knowledge of the facts set forth in this declaration and am competent to testify thereto.  I make this declaration in support of the motion to approve sale of the estate's interest in the real property located at 8305 Cirque Dr W, #5, University Place, WA, free and clear of all liens.

2.      This matter was filed on April 28, 2017 and I was appointed Chapter 7 Trustee. The debtor listed an ownership interest in the real property located at 8305 Cirque Dr W, #5, University Place, WA, indicating her intention was to surrender the property to the lienholder. Accordingly, I engaged the services of Robin Tomazic with RE/MAX Metro Realty Inc. to list the property for sale and on November 22, 2017 this Court approved the application to appoint Robin Tomazic and RE/MAX Metro Realty Inc. as real estate agent and broker for the estate. The property was originally listed for sale in the amount of $140,000.00 and an offer in the amount of $146,000.00 was received from the current proposed buyer on December 11, 2017.

**DECLARATION OF KATHRYN A. ELLIS IN SUPPORT OF MOTION TO APPROVE SALE OF PROPERTY FREE AND CLEAR OF LIENS PURSUANT TO 11 U.S.C. § 363 (f) - 1**

KATHRYN A. ELLIS, ESQ.
5506 6th Ave S
Suite 207
Seattle, WA 98108
(206) 682-5002

After extensive negotiations regarding the short sale, the buyer has increased his offer to $171,690.  The offer is the highest and best offer received to date.

3.      The real property named above is purportedly encumbered by liens in the following priority and amounts:

| Creditor | Recording Date | Approximate Amount Due |
|---|---|---|
| Pierce County Treasurer | N/A (Property Taxes) | $861.90 |
| Federal National Mortgage Association | 3/2/2007 | $145,075.35 |
| The Bank of New York Mellon[1] | 3/2/2007 | $30,633.00 |
| LVNV Funding LLC | 1/26/2018 | $1,794.18 |

I seek authority to pay the first position Deed of Trust of Federal National Mortgage Association, and/or assigns, in full in the amount of approximately $145,075.35, plus interest.  I also seek authority to pay the second position Deed of Trust in favor of The Bank of New York Mellon, and/or assigns, in the amount of approximately $6,743.59, or such sum as may be negotiated or adjusted to accomplish a sale, in full satisfaction of its lien against this property, after all costs of closing, including real estate commissions, property taxes, excise taxes, statutory utility and/or HOA liens, and other closing costs, together with a buyer's premium to the estate in the amount of $15,000.  A copy of the Purchase and Sale Agreement is attached hereto as Exhibit 1.  The third position judgment lien in favor of LVNV Funding LLC will not be paid as it attaches to no value beyond the first and second position liens and is a post-petition avoidable lien.

4.      I understand and acknowledge that it is the Court's practice to require a short sale approval letter from a lienholder agreeing to have its lien satisfied by less than a full payoff in

---

[1] "The Bank of New York Mellon, fka The Bank of New York, as trustee for the benefit of the certificateholders of the CWHEQ Inc., CWHEQ Revolving Home Equity Loan Trust, Series 2007-C".

**DECLARATION OF KATHRYN A. ELLIS IN SUPPORT OF MOTION TO APPROVE SALE OF PROPERTY FREE AND CLEAR OF LIENS PURSUANT TO 11 U.S.C. § 363 (f) - 2**

KATHRYN A. ELLIS, ESQ.
5506 6th Ave S
Suite 207
Seattle, WA 98108
(206) 682-5002

order to approve a short sale. However here, The Bank of New York Mellon's servicer, Bank of America NA, has declined to proceed with short sale negotiations, stating "court approval is needed to proceed with the short sale after negotiation on the price are agreed to". A copy of Bank of America's response is attached hereto as Exhibit 2. Accordingly, I seek approval of the sale as proposed, subject to closing only upon receipt of written approval by The Bank of New York Mellon/Bank of America NA of the final sale.

  I CERTIFY UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE STATE OF WASHINGTON THAT THE FOREGOING STATEMENT IS BOTH TRUE AND CORRECT.

  DATED this 5th day of September, 2018 at Seattle, Washington.

By: /s/ Kathryn A. Ellis
Kathryn A. Ellis

C:\Shared\KAE\Dox\TRUSTEE\HStewart\sale_dec.wpd

**DECLARATION OF KATHRYN A. ELLIS IN SUPPORT**
**OF MOTION TO APPROVE SALE OF PROPERTY FREE**
**AND CLEAR OF LIENS PURSUANT TO 11 U.S.C. § 363 (f) - 3**

KATHRYN A. ELLIS, ESQ.
5506 6th Ave S
Suite 207
Seattle, WA 98108
(206) 682-5002

# EXHIBIT 1

©Copyright 2010
Northwest Multiple Listing Service
ALL RIGHTS RESERVED

## ADDENDUM / AMENDMENT TO PURCHASE AND SALE AGREEMENT

The following is part of the Purchase and Sale Agreement dated __December 10, 2017__ _____ 1

between __Thomas McGrath__ _____
            Buyer

                                            Buyer ("Buyer") 2

and __Kathryn A Ellis, Chapt 7 Bk Trustee__    __for Heather Stewart__
         Seller                                  Seller ("Seller") 3

concerning __8305 Cirque Dr W #5__     __University Place__   __WA__   __98467__   (the "Property"). 4
             Address                             City      State    Zip

### IT IS AGREED BETWEEN THE SELLER AND BUYER AS FOLLOWS:

Purchase Price to be $171,690.00.                           5

Seller closing cost credit to buyer of $1000 is removed from contract.    6

                                                 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30

ALL OTHER TERMS AND CONDITIONS of said Agreement remain unchanged.    31

| Buyer's Initials | Date | Buyer's Initials | Date | Seller's Initials | Date | Seller's Initials | Date |
|---|---|---|---|---|---|---|---|
| | | 8/31/18 | | | | 6/29/18 | |

Authentisign ID: BA5DCDA7-1993-4F3C-8123-080E5674FA13

Authentisign ID: 3D802B1F-E0CC-4C78-BD8D-EC93254F0742



*Robin Tomazic*
**RE/MAX Metro Realty Inc., 2312 Eastlake Ave E. Seattle, WA 98102**

### Offer Summary for Residential Real Estate Purchase and Sale Agreement

Date of Offer: _____12/10/17_____

MLS #1222585_____ Selling Broker LAG#____98660____ Selling Office ID____9531___

Purchase Price $___~~146,000~~___ **$165,000**

Buyers Premium/ Bk Fee $____~~20,000~~____ **$15,000**

Purchase Price + Bk Fee paid by Buyer Total $___~~166,000~~___ **$180,000**

Buyer Closing Costs requested $___1,000_____

**Required Addenda:**
1. Bankruptcy Purchase and Sale
2. Buyer Premium/Carve out addendum
3. Form 17, waived
4. Legal Description
5. Pre-approval dated in last 30 days
6. Proof of funds dated in last 30 days

**Optional Addenda – Check if included**

1. __X_ MLS Form 22J
2. __X_ MLS Form 22K
3. __X_ MLS Form 22SS include if this is a short sale
4. ____ MLS Form 22WW (Septic) please add required language to separate Form 34
5. ____ MLS Form 22T
6. ____ Additional Addenda (please list) _____

Buyer(s) exact names and how they will take title: Thomas J McGrath, an unmarried person

Seller initial _____
Date___12/12/17___        Buyer initial _____
                          Date__12/10/17__        Buyer initial _____
                                                  Date_____

*3/20/18*

*3/20/18*

*3/20/18*

Authentisign ID: 8FC45226-DA8D-4CDE-850A-FFA8331D31A4

Authentisign ID: D8155A54-5B4E-4D86-B6B5-77AAD8B9A27D



## RESIDENTIAL REAL ESTATE PURCHASE AND SALE AGREEMENT
## U.S. BANKRUPTCY COURT, WESTERN DIST. OF WASHINGTON AT SEATTLE

THIS AGREEMENT is entered into y and between the below named Buyer and the below named Seller, in his or her capacity as a United States Bankruptcy Trustee for the below named bankruptcy estate. The Buyer agrees to purchase and the Seller agrees to sell the described property pursuant to the following terms and conditions:

BUYER(S):     **Thomas J McGrath**

ADDRESS:     **13419 169th St. E   Puyallup, WA 98374**

PHONE:     **1-253-381-8950**

EMAIL:     **tmcgrath@bayeq.com**

SELLER:     Kathryn A. Ellis – Chapter 7 Bankruptcy Trustee for:

_____ Stewart

*TJM*
12/12/2017          12/12/17

PROPERTY STREET ADDRESS **8305 Cirque dr W #5, University Place, WA 98467**

LEGAL DESCRIPTION: Attached on Exhibit "A" hereto

DATE OF CLOSING:     Within 30 days of Bankruptcy Court or lender approval, whichever is later

SELLING FIRM:     **Hawkins Poe, Inc**        MLS OFFICE #  **9531**

SELLING FIRM ADDRESS   **1215 Regents Blvd 1-A Fircrest, WA 98466**

SELLING BROKER   **Danielle Laybourn**     MLS LAG #  **98660**

PHONE AND FAX   **1 253-348-8066 fax 253-336-5841**

EMAIL     **danielle@daniellelaybourn.com**

Seller Initial _____
Date _____ 12/12/17

Buyer Initial *TJM*
Date _____ 12/10/2017

Buyer Initial _____
Date _____

Authentisign ID: D8165A64-5B4E-4D8E-B6B8-77AADBB9A27D

**LISTING FIRM**   RE/MAX METRO REALTY INC
2312 EASTLAKE AVE E
SEATTLE, WA 98102
206-320-5700 (MAIN LINE) 206-322-7576(FAX)
ROBIN@RMTrealestate.com

EARNEST MONEY **AMOUNT**: $2000.00

EARNEST MONEY **FORM** CASH___ PERSONAL CHECK _X_ CASHIERS CHECK ___

1. **No Representations or Warranties.** The Seller is a bankruptcy trustee and therefore he/she has no personal knowledge regarding the property. There are no representations or warranties regarding the property or its condition. All sales are "as-is, where is" and without any representations or warranties of any kind express or implied.

2. **Earnest Money Forfeiture.** In the event the Buyer fails, without legal excuse, to complete the purchase of the property, the earnest money deposit make by the Buyer shall be forfeited to the Seller as the sole and exclusive remedy available to the Seller for such failure. If the earnest money deposit is greater than five percent of the purchase price, only that portion of the earnest money deposit equal to five percent of the purchase price shall be forfeited to the Seller. By their initials below, Buyer and Seller specifically acknowledge that they have read the preceding provision regarding forfeiture of the earnest money and understand and agree to it.

   Seller Initials_____        Buyer Initials [ JJM ]      Buyer Initials _____
   Date_____ 12/12/17        Date 12/10/2017          Date _____

3. **Financing.** This offer [x] is [ ] is not conditioned upon Buyer obtaining a [  [X ]conventional [ ] FHA [ ] VA [ ] USDA [ ] FHA 203K [ ] other_____ loan.

4. **Down Payment/Loan Application.** Buyer agrees to pay ____20%____ down, and to make an application, in good faith, within seven days after approval/acceptance of this Agreement, for a market rate loan to pay the balance of the purchase price. If application is not made within 7 (seven) days of approval, Seller may retain the earnest money and Agreement may terminate.

5. **Proof of Funds.** In the event Buyer fails to provide proof of all necessary funds to close including down payment, closing costs and bankruptcy fee within 48 hours of Sellers acceptance of offer, this agreement may be terminated by notice from the seller to the buyer and earnest money shall be returned to the buyer.

   Seller Initial_____        Buyer Initial [ JJM ]      Buyer Initial_____
   Date_____ 12/12/17        Date 12/10/2017          Date_____

Authentisign ID: DB165A54-5B4E-4DB6-B6B8-77AADBB9A27D

**LISTING FIRM**

RE/MAX METRO REALTY INC
2312 EASTLAKE AVE E
SEATTLE, WA 98102
206-320-5700 (MAIN LINE) 206-322-7576(FAX)
ROBIN@RMTrealestate.com

EARNEST MONEY **AMOUNT:** **$2000.00**
EARNEST MONEY FORM CASH___ PERSONAL CHECK **X** CASHIERS CHECK ___

1.  **No Representations or Warranties.** The Seller is a bankruptcy trustee and therefore he/she has no personal knowledge regarding the property. There are no representations or warranties regarding the property or its condition. All sales are "as-is, where is" and without any representations or warranties of any kind express or implied.

2.  **Earnest Money Forfeiture.** In the event the Buyer fails, without legal excuse, to complete the purchase of the property, the earnest money deposit make by the Buyer shall be forfeited to the Seller as the sole and exclusive remedy available to the Seller for such failure. If the earnest money deposit is greater than five percent of the purchase price, only that portion of the earnest money deposit equal to five percent of the purchase price shall be forfeited to the Seller. By their initials below, Buyer and Seller specifically acknowledge that they have read the preceding provision regarding forfeiture of the earnest money and understand and agree to it.

    Seller Initials_____   Buyer Initials __*JJM*__   Buyer Initials _____
    Date_____12\12\17    Date__12/10/2017____   Date _____

3.  **Financing.** This offer [x] is [ ] is not conditioned upon Buyer obtaining a [
    **X** ]conventional [ ] FHA [ ] VA [ ] USDA [ ] FHA 203K [ ] other _____
    loan.

4.  **Down Payment/Loan Application.** Buyer agrees to pay ___**20%**___down, and to make an application, in good faith, within seven days after approval/acceptance of this Agreement, for a market rate loan to pay the balance of the purchase price. If application is not made within 7 (seven) days of approval, Seller may retain the earnest money and Agreement may terminate.

5.  **Proof of Funds.** In the event Buyer fails to provide proof of all necessary funds to close including down payment, closing costs and bankruptcy fee within 48 hours of Sellers acceptance of offer, this agreement may be terminated by notice from the seller to the buyer and earnest money shall be returned to the buyer.

    Seller Initial_____   Buyer Initial__*JJM*__   Buyer Initial_____
    Date_____12\12\17    Date__12/10/2017____   Date_____

AuthentiSign ID: D8155A84-6B4E-4D66-B5B6-77AADBB9A27D

6. **Financing Deadline/Seller Termination Notice.** If Buyer has not within 30 days after initial signing of this Agreement, given notice that Buyer has obtained financing or waived the financing condition, then this Agreement may terminate upon the expiration of the 30th day after initial signing. If termination occurs, Seller shall remit the earnest money to the Buyer.

7. **Loan Costs.** Seller will not be responsible for any loan costs, unless agreed to upon mutual acceptance, except (1) such portion of Buyer's costs that Seller is prohibited from paying pursuant to applicable FHA regulations; and (2) if this sale is financed by a VA loan, the Seller agrees to pay those closing costs Buyer is prohibited from paying pursuant to applicable VA regulations.

8. **Inspections.** The Buyer has fifteen (15) days from the date of initial signing to inspect the premises. Unless the Buyer provides Seller with notice within said fifteen (15) days that inspection contingency has been waived, this agreement will be terminated by the seller and earnest money shall be refunded to the buyer. [ _JJM_ ] (buyer)_____(buyer) Notwithstanding the foregoing, if the financing institution requires an additional inspection, Seller agrees to permit such inspection. The Buyer will pay all costs and fees associated with such inspections and Seller shall have no liability therefor. Buyer will return the property to its original condition after said inspection or test. The Buyer will hold the Seller, its officers, agents and attorneys harmless from all claims arising out of Buyers inspection or testing of the property.

9. **Defects.** Buyer represents to the Seller that Buyer will fully inspect the property and Buyer assumes the responsibility and risks of all defects and conditions, including such defects and conditions, if any, that cannot be observed by casual inspection. Seller makes no representation or warranties expressed or implied of any kind with respect to, among other things; (a) the dimension, size or acreage of the premises; (b) any applicable governmental laws or regulations; (c) availability of water, sewer, or other utilities; (d) the environmental condition of the property; or (e) the existence or non-existence of urea-formaldehyde or asbestos.

10. **Personal Property.** The Seller is a bankruptcy trustee and has no knowledge of whether or not there is any leased personal property of the premises. It shall be up to the Buyer to make an appropriate investigation to determine whether or not there is any leased property on the premises which in any case is not included in the sale. The debtor(s) may claim personal property on the premises, such as non-built-in appliances, drapes,

Seller Initial_____
Date____12/13/17____

Buyer Initial [ _JJM_ ]
Date____12/10/2017____

Buyer Initial_____
Date_____

Authentisign ID: D8166A64-6B4E-4D68-B6B6-77AADBB9A27D

curtains, etc., as exempt property. In such instance that personal property is not included in the sale. The following items have been identified by the debtor as personal property and will be removed from the home:

_____

_____ (buyer)    _____ (buyer)

11. **Feasibility Study.** If the Purchase and Sale Agreement is subject to a feasibility study and the sale does not close because of any contingency which the Buyer does not waive, then prior to returning any earnest money or promissory note the Buyer shall provide the Seller with a copy of every study, report, analysis or appraisal regarding the property.

12. **SHORT SALE DISCLOSURE.** This sale is __X__/is not _____ a short sale. If this is a short sale the following shall apply:

a.   This agreement is contingent upon the seller obtaining written consent from the lienholder(s) within 60 days of mutual acceptance. Seller shall notify Buyer of lienholder approval by providing Buyer a copy of the lienholder approval letter. If seller fails to reach agreement with lienholder, this agreement shall terminate and earnest money will be refunded to the Buyer.

b.   Buyer acknowledges that lienholder may have additional addendums and clauses that will be integrated into this agreement. Buyer agrees to return all lienholder required documents within 2 calendar days of receipt. If Buyer fails to return required documents, this transaction may be cancelled by the seller and earnest money shall be returned to the buyer. _____ (buyer) _____ (buyer)

c.   Buyer acknowledges that cost for items such as septic inspection and pumping, well certification, HOA liens, utility liens, and appraisal required repairs may not be agreed to by lienholder. Buyer agrees to pay for all costs not agreed to by lienholder. The following amounts will be requested from the lienholder on this property:

    i.     Sewer cap fee_____
    ii.    Septic pumping and inspection _____
    iii.   Well cert and inspection _____
    iv.   HOA lien_____
    v.    Utility lien _____
    vi.   Appraisal required repairs _____
    vii.  Other _____

d.   Buyer Does ___X__ Does Not _____ request that seller pay up to $1000.00 in closing and other allowable costs.

Seller Initials _____
Date _____ 12/12/17

Buyer Initials _____ Buyer Initials_____
Date _____ 12/10/2017    Date_____

Authentisign ID: D6156A54-9B4B-4D89-B5B6-77AADBB9A27D

13. **Hazardous Waste and Environmental Condition.** The Seller, as a bankruptcy trustee, has no actual personal knowledge of the presence of any hazardous waste on the property, including, but not limited to, petroleum products and asbestos, and has no actual personal knowledge of the violation of any environmental law, regulation or ordinance with respect to the property. Buyer understands and agrees that any knowledge about the condition of the property of other parties including the trustee's real estate broker, debtor, the debtor's employees and agents, or any other persons or entities shall not be imputed to the trustee or the estate. Buyer hereby assumes all risk and costs related to the presence of hazardous waste and the environmental condition of the property. Buyer hereby waives any and all right of contribution, indemnity and/or reimbursement with respect to any and all defects, including but not limited to, hazardous waste and environmental condition.

14. **Possession.** Buyer shall be entitled to possession upon closing.

15. **Closing.** "Closing" means the date on which all documents are recorded and the sales proceeds are available to the Seller. Seller does not agree to clean the interiors or exteriors of any structures. The sale is "as-is, where is."

16. **Escrow Agent.** The escrow agent for the transaction shall be Law Office of Wanda Reif Nuxoll, P. S. 22525 SE 64th Place, Suite 245, Issaquah, WA 98027 - PO Box 2406, Issaquah, WA 98027
   Phone 206.749.2850 - Fax 206.749.2851 - wnuxoll@wrnlaw.com or such other escrow the Seller may designate.

17. **Condition of Title.** Unless otherwise specified in this Agreement, title to the property shall be marketable at closing. The following shall not cause the title to be unmarketable: rights, reservations, covenants, conditions and restrictions presently of record and general to the area, including but not limited to zoning; easements and encroachments not materially affecting the value of or unduly interfering with Buyer's intended use of the property; and reserved oil and/or mineral rights. Monetary encumbrances not assumed by the Buyer shall be removed from the title by the Seller on or before closing. If for any reason the Seller is unable to transfer marketable title to the Buyer then this Agreement is null and void, the Buyer's earnest money, if any, shall be returned, and the Seller shall be released of all obligations hereunder.

18. **Title Insurance.** Seller shall provide a standard form of title insurance from First American Title or a title insurance company of Sellers choice. Seller authorizes lender or closing agent, at Seller's expense, to apply for a standard form buyer's policy of title insurance with homeowner's additional protection and inflation protection endorsement if available at no additional cost. If buyer elects to purchase a homeowner or extended title policy, the difference in premium shall be a buyer expense. The preliminary commitment therefor, and the policy to be issued, shall contain no exceptions other than general exclusions and exceptions in said standard form. If title cannot be made so insurable prior to closing, the earnest money shall, unless Buyer elects to waive such defects or encumbrances, be refunded to the Buyer, less any unpaid costs described in paragraph 22 hereof, and this Agreement shall thereupon be terminated.

19. **Title Transfer.** Title shall be transferred by the bankruptcy trustee's quit claim deed.

Seller _____ Date 12/12/17    Buyer _____ Date _____

Seller Initial

Date _____ 12 | 12 | 17

Buyer Initial _[JJM]_     Buyer Initial _____

Date __12/10/2017__      Date _____

**20. Buyer's Funds to Close.** Buyer represents Buyer has sufficient funds to close this sale in accordance with this Agreement, and is not relying on any contingent source of funds or gifts unless expressly set forth elsewhere in this Agreement.

**21. Closing Costs and Pro-Rations.** Buyer and Seller shall each pay one-half of the escrow fee. Seller shall pay excise tax. Taxes for the current year shall be pro-rated. Buyer shall pay for oil in the oil tank.

**22. Sale Information.** After approval by the United States Bankruptcy Court, listing and selling brokers are authorized to report this Agreement (including price and all terms) to the Northwest Multiple Listing Association or such other applicable listing association that publishes it to its members, financing institutions, appraisers, and anyone else related to the sale. Buyer and Seller authorize all lenders, closing agents, appraisers, title insurance companies and other parties related to the sale, to furnish the listing and/or selling brokers, on request, any and all information, and copies of documents concerning the status, progress and final disposition of financing, appraisal, closing, title condition, and any other matter concerning this sale, including buyer's credit report.

**23. Notices.** Unless otherwise specified, any notice required or permitted in, or related to, this Agreement (including any addenda hereto) must be in writing, signed by any one Buyer or Seller (including either husband or wife) and received by selling and listing brokers. Any time limit in or applicable to a notice shall commence on the date following receipt of the notice by both selling and listing brokers, unless that is a Saturday, Sunday, or holiday, in which event it will commence on the next following business day. Buyer must keep selling agent advised of their whereabouts to receive prompt notification of receipt of a notice. Selling agent has no responsibility to advise of receipt of a notice beyond either phoning the party or causing a copy of the notice to be delivered to the party's address on this Agreement.

**24. Earnest Money Receipt and Disbursement.** Selling agent acknowledges receipt from Buyer of the earnest money as set forth above in the form indicated to be held in Closing Agent's pooled trust account (with interest paid to the Washington Housing Fund or such other relevant fund in accordance with applicable laws). Agent shall not deposit any check until Buyer and Seller both have completed initial signing of this Agreement. Any unpaid loan or sale costs incurred for the Buyer, including credit report, appraisal fee, and escrow cancellation fee, may be paid from the earnest money prior to its disbursement.

**25. Seller Conditions.** This Agreement is subject to approval by the Bankruptcy Court. The trustee does not always have access to a title report or information with respect to the tax consequences of sale when a purchase offer is made. Accordingly, the purchase agreement is conditioned on: (1) the trustee obtaining an opinion from an accountant that the proposed sale will not result in adverse tax consequences and (2) if the trustee in his or her sole discretion deems it appropriate, the court authorizing an award to the estate of reasonable fees and expenses pursuant to 11 U.S.C. Section 506(c) if there are liens against the property.

**26. Subsequent Offers.** All purchase agreements are subject to approval and order of the U.S. Bankruptcy Court, and there cannot be mutual acceptance until final approval by

AuthentiSign ID: D6165A54-5B4E-4D86-B6B6-77AADBB9A27D

Seller Initial _____ 12/12/17
Date

Buyer Initial _____ JJM _____
Date 12/10/2017

Buyer Initial _____
Date_____

the Bankruptcy Court. The Seller will apply to the Bankruptcy Court for approval of the sale as set forth herein as soon as reasonable practical. The Bankruptcy Court hearing generally takes place within four to six weeks of initial signing. Mutual acceptance occurs upon final approval by the Bankruptcy Court. Further, if the trustee receives a better offer on the property prior to or at the Bankruptcy Court hearing, the trustee may accept such offer contingent upon approval of the Bankruptcy Court and request that the court accept the better offer. This clause is an explanation of the law and removal of this clause from the Agreement will not change the law. The trustee agrees, however, to follow the procedure set forth in the next paragraph allowing for Buyer opportunity to attempt to match a competing offer.

27. **Competing Bids.** If this agreement is the first agreement the Seller has signed regarding the subject property, the Seller, subject to court approval, hereby agrees that the Buyer may match the proposed purchase price of any third party offer. In order to bring this paragraph into effect, Buyer must notify the Seller of its intent to match the third party's offer within 48 hours of receipt from the Seller of written notice of the third party's offer. The Seller's notice shall be in writing and state that the Buyer needs to meet or exceed the third party's price and other terms. Price increases must be in increments of not less than one percent of the original offer. If an offer is received within 24 hours of the court hearing date, the court may have the proposed purchasers submit in writing their last, highest, and best offers at or following the hearing to approve the sale.

28. **Agreement to Purchase and Time Limit for Acceptance.** Buyer offers to purchase the property on the above terms and conditions. The initial signing is not effective until a signed copy hereof is actually received by the office of the selling broker. If this offer is not so signed, it shall lapse and selling broker shall refund the earnest money to Buyer.

29. **Counteroffers.** If a party makes a counteroffer the other party shall have until 9:00pm on the second day following receipt of the counteroffer to sign it. Signing is only effective by delivering the signed counteroffer to the listing and selling brokers.

30. **Commission.** A real estate commission will be paid at closing in accordance with the listing agreement and pursuant to an order of the Bankruptcy Court.

31. **Resale Certificate.** If the subject real property is a condominium, Seller agrees to deliver a Resale Certificate to Buyer within ten (10) days after written Bankruptcy court approval or lienholder approval has been obtained, whichever is later. Buyer shall be conclusively deemed to have approved said Resale Certificate unless within five (5) days following receipt thereof, Buyer gives notice of disapproval of the same. If Buyer disapproves said Resale Certificate, this Agreement shall terminate and the earnest money shall be refunded to Buyer.

32. **Disclosure Statement.** The Seller is a bankruptcy trustee and therefore exempt from providing real property transfer disclosure statement and therefore no such statement will be provided.

33. **Earnest Money Deposit.** Buyer shall deliver the Earnest Money within 2 days after initial signing. If Buyer delivers Earnest Money to Selling Broker, Selling Broker will deliver

Seller Initial
Date_____ 12/12/17

Buyer Initial JJM
Date_____ 12/10/2017

Buyer Initial _____
Date_____

any Earnest Money to be held by Closing Agent within 3 days of receipt or initial signing, whichever occurs later. The parties instruct Closing Agent to provide written verification of receipt of the Earnest Money and notice of dishonor of any check to the parties and Brokers at the addresses and/or fax numbers provided herein.

34. **Lead Paint.** Many resale homes, especially those constructed before 1978, contain lead-based paint. Lead paint is poisonous, especially for children. The Seller has no knowledge with respect to the presence or absence of lead paint in the subject property. The Buyer shall undertake such investigation as he or she deems prudent in the circumstances. The Buyer shall conduct an initial inspection for the presence of lead paint within the seven day time frame set forth in paragraph 8 herein. However, provided that the Buyer obtains specimens for analysis within the original inspection period and delivers them to a laboratory, upon written notice to the seller within the seven (7) day period, the Buyer may have an additional ten (10) days to obtain the results of a laboratory analysis for the presence of lead. If the Buyer does not obtain such laboratory samples, deliver them to a laboratory and provide the Seller with notice within seven (7) days of initial signing, this contingency will be deemed to be waived on the close of business seven days from initial signing. Unless the Buyer notifies the Seller within such additional ten (10) days period that the property is not acceptable due to the presence of lead paint, then this contingency will be deemed waived.

35. **Agency Disclosure and Receipt of Agency Pamphlet.** Seller acknowledges receipt of the pamphlet entitled The Law of Real Estate Agency. The Northwest Multiple Listing Association requires all real estate licensees (brokers) to disclose to the Buyer and Seller in a real estate transaction whether the licensee represents the Seller, the Buyer, both the Seller and the Buyer, or neither. The listing broker represents the Seller. The selling broker represents:

[ ] Seller    [ X ] Buyer    [ ] Neither    [ ] Both

**Selling Broker Initials Here:** DW
Date 12/10/2017

Buyer Initials JJM
Date 12/10/2017

Buyer Initials_____
Date_____

36. **Facsimile and Email Transmission.** Facsimile/Email transmission of any signed original document and retransmission of any signed facsimile/email transmission, shall be the same as delivery of an original. At the request of either party, or the Closing Agent, the parties will confirm facsimile/email transmitted signatures by signing an original document.

Seller Initial
Date _____ 12/12/17

Buyer Initial JJM
Date_____ 12/10/2017

Buyer Initial _____
Date_____

Authenlisign ID: D8155A54-5B4E-4D68-B5B8-77AADBB9A27D

P a g e | 10

**37. Addenda.** The following addenda are attached hereto and made a part of this Agreement:

[ ] NONE   [ x ] _Form 34 (Bk Fees – Buyer Premium/Carve Out Addendum)_____

Seller Kathryn A. Ellis, Chapter 7 Bankruptcy Trustee for Stewart

Seller Signature _____ Date 12/12/17

Buyer Signature _Thomas J. McGrath_____ Date 12/10/2017
                 12/10/2017 10:50:35 AM PST

Buyer Signature _____ Date_____

Buyer Address 13419 169th st E Puyallup   WA 98374

Buyer Phone and Email 253-381-8950      Tmcgrath@bayeq.com

Authentisign ID: D6156A54-6B4E-4D68-85B6-77AADBB9A27D

## FIRST AMERICAN TITLE INSURANCE COMPANY
### Exhibit "A"

Vested Owner: KATHRYN A. ELLIS, TRUSTEE, SUBJECT TO PROCEEDINGS PENDING IN THE BANKRUPTCY COURT OF WESTERN DISTRICT OF THE U.S. DISTRICT COURT, WASHINGTON, ENTITLED: IN RE: HEATHER ANN STEWART

Real property in the County of Pierce, State of Washington, described as follows:

UNIT 5, BUILDING 8305, OF SOMERSET PLACE, A CONDOMINIUM, ACCORDING TO DECLARATION THEREOF RECORDED UNDER PIERCE COUNTY RECORDING NO. 8201190186, AND ANY AMENDMENTS THERETO; SAID UNIT IS LOCATED ON SURVEY MAP AND PLANS RECORDED UNDER RECORDING NO. 8201190187, IN PIERCE COUNTY, WASHINGTON.

Tax Parcel Number: 7714000050

Situs Address: 8305 Cirque Drive West Unit 5, University Place, WA 98467

Thomas J. McGrath
12/10/2017 10:49:42 AM PST

12/10/2017

12/12/17

Authentisign ID: D8155A54-5B4E-4D88-B8B8-77AADBB9A27D



3105072-2

When recorded return to:

Heather Stewart
3520 66th Avenue West
University Place, Wa. 98466

┌ Authentis:
│ *Thomas J. McGrath*        12/10/2017
│ 12/10/2017 10:49:44 AM PST

## STATUTORY WARRANTY DEED

THE GRANTOR(S)

    Amie J. Livingston, as her separate estate

for and in consideration of Ten Dollars and Other Good and Valuable Consideration In hand paid, conveys, and warrants to

    Heather Stewart, a single person

the following described real estate, situated in the County of Pierce, State of Washington:

    Unit 5, Building 8305, Somerset Place, a condominium, according to Amended and Restated Condominium Declaration recorded under Auditor's No. 9907130303 (amends in its entirety original Declaration recorded under Auditor's No. 8201190185) and Amendments thereto recorded under Auditor's Nos. 9907280817, 9908120081, 9908030410, 200006270829 and 200102010239 and Survey Map and Plans recorded under Auditor's No. 9907135005 (amends original Map recorded under Auditor's No. 8201180187) and Amendment thereto recorded under Auditor's No. 9908125001, in Pierce County, Washington.

Subject to easements, covenants, conditions and restrictions shown on Exhibit "A" as hereto attached and by this reference made a part hereof.

Tax Parcel Number(s): 7714000050

Dated:    March 1, 2007

_____
Amie J. Livingston

STATE OF Washington

COUNTY OF Pierce

I, Jamie S Tuller, a Notary Public of the County and State first above written, do hereby certify that Amie J. Livingston personally appeared before me this day and acknowledged the due execution of the foregoing instrument.

Witness my hand and official seal, this the *March 1, 07*.

_____
Notary Public

My Commission Expires: 03/17/07

(SEAL)

Escrow No.: 3105072-2

LPB 10-05

Authentisign ID: D6166A64-5B4E-4D96-B5B9-77AADBBBA27D

## EXHIBIT "A"

Easement for road over the west 30 feet of the east 180 feet of the south 850 feet of the southeast quarter of the southeast quarter of Section 16, Township 20 North, Range 2 East of the W.M., as evidenced by instruments recorded under Auditor's Nos. 1798450 and 1855710.

Easement recorded under recording number 716260, and the terms and conditions thereof:

Purpose:       poles and transmission line
In Favor of:   Puget Sound Power & Light Company

Easement recorded under recording number 2365803, and the terms and conditions thereof:

Purpose:       anchor and guy wires
In Favor of:   City of Tacoma

Easement recorded under recording number 2532928, and the terms and conditions thereof:

Purpose:       underground pipelines and/or mains
In Favor of:   University Place Water Company

Easement recorded under recording number 8011240257, and the terms and conditions thereof:

Purpose:       watermains and necessary appurtenant equipment
In Favor of:   City of Tacoma

Easement recorded under recording number 2569360, and the terms and conditions thereof:

Purpose:       sanitary sewer line or lines and appurtenances
In Favor of:   Westside Water District

*Authentisign:*
*Thomas J. McGrath*     12/10/2017
12/10/2017 10:42:46 AM PST

ALTA Commitment
Schedule B - Section II

AuthentiSign ID: D6165A54-5B4E-4D86-848B-77AADB88A27D

Easement recorded under recording number 2328406, and the terms and conditions thereof:

Purpose:    anchor and guy wires

In Favor of:    City of Tacoma

Terms, covenants, conditions, easements, restrictions and liability for assessments, contained in the Declaration of Condominium:

Recorded:    July 13, 1999

Recording number:    9907130303 and Amendments thereto

Matters set forth and delineated on Survey Map and Plans recorded under Auditor's No. 9907135005 and 9908125001, including fences not located on property lines, condo sign located west of west property line and asphalt area extending across west property line.

Authen:::..

*Thomas J. McGrath*    12/10/2017

12/10/2017 10:46:47 AM PST

ALTA Commitment
Schedule B - Section II

Description: Pierce,WA Document - Year.Date.DocID 2007.302.1192 Page: 3 of 3
Order: c Comment:

AuthentiSign ID: D6165A64-6B4E-4D86-B6B9-77AADBB9A27D

Form 22J
Disclosure Lead Based Paint & Hazards
Rev. 7/10
Page 1 of 2

©Copyright 2010
Northwest Multiple Listing Service
ALL RIGHTS RESERVED

### DISCLOSURE OF INFORMATION ON LEAD-BASED PAINT AND LEAD-BASED PAINT HAZARDS
Addendum to Purchase & Sale or Lease Agreement

The following is part of the Purchase and Sale Agreement dated __December 10, 2017__    1

between    Thomas J McGrath _____ 2
      Buyer and/or Lessee       Buyer and/or Lessee      ("Buyer" and/or "Lessee")

and _____ undisclosed _____ 3
      Seller and/or Lessor       Seller and/or Lessor      ("Seller" and/or "Lessor")

concerning 8305    Cirque Drive W    5    University Place    WA   98467   (the "Property"). 4
     Address                  City      State   Zip

## Purchase & Sale Agreement Lead Warning Statement

*Every purchaser of any interest in residential real property on which a residential dwelling was built prior to 1978 is notified that such property may present exposure to lead from lead-based paint that may place young children at risk of developing lead poisoning. Lead poisoning in young children may produce permanent neurological damage, including learning disabilities, reduced intelligence quotient, behavioral problems and impaired memory. Lead poisoning also poses a particular risk to pregnant women. The seller of any interest in residential real property is required to provide the buyer with any information on lead-based paint hazards from risk assessments or inspections in the seller's possession and notify the buyer of any known lead-based paint hazards. A risk assessment or inspection for possible lead-based paint hazards is recommended prior to purchase.*   5–13

## Lease Agreement Lead Warning Statement

*Housing built before 1978 may contain lead-based paint. Lead from paint, paint chips, and dust can pose health hazards if not taken care of properly. Lead exposure is especially harmful to young children and pregnant women. Before renting pre-1978 housing, landlords must disclose the presence of known lead-based paint and lead-based paint hazards in the dwelling. Tenants must also receive a Federally approved pamphlet on lead poisoning prevention.*   14–20

## Cancellation Rights

*If a residential dwelling was built on the Property prior to 1978, Buyer may rescind the Agreement at any time up to 3 days after Buyer receives this Disclosure, **unless Buyer receives this disclosure prior to entering the Agreement**.*   21–24

**NOTE:** In the event of pre-closing possession of more than 100 days by Buyer, the term Buyer also means Tenant.   25

## Seller's/Lessor's Disclosure

(a) Presence of lead-based paint and/or lead-based paint hazards (check one below):   26–27

   ❑ Known lead-based paint and/or lead-based paint hazards are present in the housing (explain).   28

   ❑ Seller/Lessor has no knowledge of lead-based paint and/or lead-based paint hazards in the housing.   29

(b) Records and reports available to the Seller/Lessor (check one below):   30

   ❑ Seller/Lessor has provided the Buyer/Lessee with all available records and reports pertaining to lead-based paint and/or lead-based paint hazards in the housing (list documents below).   31–32

_____   33

_____   34

   ❑ Seller/Lessor has no reports or records pertaining to lead-based paint and/or lead-based paint hazards in the housing.   35

Seller has reviewed the information above and certifies, to the best of Seller's knowledge, that the statements made and information provided by Seller are true and accurate.   36–38

  39

| Seller/Lessor | Date | Seller/Lessor | Date |
|---|---|---|---|
| *TJM*   12/10/2017 | | | 12/12/17 |
| Buyer/Lessee Initials   Date | Buyer/Lessee Initials   Date | Seller/Lessor Initials   Date | Seller/Lessor Initials   Date |

Authentisign ID: D8165A54-6B4E-4D00-B5B8-77AADBB9A27D

©Copyright 2010
Northwest Multiple Listing Service
ALL RIGHTS RESERVED

# DISCLOSURE OF INFORMATION ON LEAD-BASED PAINT
## AND LEAD-BASED PAINT HAZARDS
Addendum to Purchase & Sale or Lease Agreement
*Continued*

## Buyer's/Lessee's Acknowledgment

(c) Buyer/Lessee has received copies of all information listed above. 40

(d) Buyer/Lessee has received the pamphlet "Protect Your Family from Lead in Your Home." 41 42

(e) Buyer has (check one below only if Purchase and Sale Agreement): 43

☑ Waived the opportunity to conduct a risk assessment or inspection for the presence of lead-based paint 44
and/or lead-based paint hazards. 45

☐ Accepted an opportunity to conduct a risk assessment or inspection for the presence of lead-based 46
paint and/or lead-based paint hazards on the following terms and conditions: 47

This Agreement is conditioned upon a risk assessment or inspection of the Property for the presence of 48
lead-based paint and/or lead-based paint hazards, to be performed by a risk assessor or inspector at 49
the Buyer's expense. (Intact lead-based paint that is in good condition is not necessarily a hazard. See 50
the EPA pamphlet "Protect Your Family From Lead in Your Home" for more information). 51

This contingency SHALL CONCLUSIVELY BE DEEMED SATISFIED (WAIVED) unless Buyer gives 52
written notice of disapproval of the risk assessment or inspection to the Seller within _____ 53
(10 days if not filled in) after receiving this Disclosure. Buyer's notice must identify the specific existing 54
deficiencies and corrections needed and must include a copy of the inspection and/or risk assessment 55
report. 56

The Seller may, at the Seller's option, within _____ days (3 days if not filled in) after Seller's 57
receipt of Buyer's disapproval notice, give written notice that Seller will correct the conditions identified 58
by Buyer. If Seller agrees to correct the conditions identified by Buyer, then it shall be accomplished at 59
Seller's expense prior to the closing date, and Seller shall provide Buyer with certification from a risk 60
assessor or inspector demonstrating that the condition(s) has been remedied prior to the closing date. 61
In lieu of correction, the parties may agree on any other remedy for the disapproved condition(s), 62
including but not limited to cash payments from Seller to Buyer or adjustments in the purchase price. If 63
such an agreement on non-repair remedies is secured in writing before the expiration of the time period 64
set forth in this subparagraph, then this contingency shall be deemed satisfied. 65

If the Seller does not give notice that the Seller will correct the conditions identified in Buyer's risk 66
assessment or inspection, or if the parties cannot reach an agreement on alternative remedies, then 67
Buyer may elect to give notice of termination of this Agreement within _____ days (3 days if not 68
filled in) after expiration of the time limit in the preceding subparagraph or delivery of the Seller's notice 69
pursuant to the preceding subparagraph, whichever first occurs. The earnest money shall then be 70
returned to the Buyer and the parties shall have no further obligations to each other. Buyer's failure to 71
give a written notice of termination means that the Buyer will be required to purchase the Property 72
without the Seller having corrected the conditions identified in Buyer's risk assessment or inspection 73
and without any alternative remedy for those conditions. 74

Buyer waives the right to receive an amended Real Property Transfer Disclosure Statement (NWMLS 75
Form No. 17 or equivalent) pursuant to RCW 64.06 based on any conditions identified in inspection 76
and/or risk assessment report(s). 77

Buyer has reviewed the information above and certifies, to the best of Buyer's knowledge, that the statements made 78
by Buyer are true and accurate. 79

| | | | |
|---|---|---|---|
| *Thomas J. McGrath* | 12/10/2017 | | |
| Buyer/Lessee | Date | Buyer/Lessee | Date | 80

## Brokers' Acknowledgment 81

Brokers have informed the Seller/Lessor of the Seller's/Lessor's obligations under 42 U.S.C. 4852(d) and are 82
aware of their responsibility to ensure compliance. 

| | | | |
|---|---|---|---|
| *Danielle Stylianon* | 12/10/2017 | | 12/12/17 |
| Selling Broker | Date | Listing Broker | Date | 83 84

| | | | | | |
|---|---|---|---|---|---|
| *TJM* | 12/10/2017 | | | 12/13/17 | |
| Buyer/Lessee Initials | Date | Buyer/Lessee Initials | Date | Seller/Lessor Initials | Date | Seller/Lessor Initials | Date |

AuthentiSign ID: D8155A54-6B4E-4D86-B4B9-77AADBB9A27D

Form 22K
Identification of Utilities Addendum
Rev. 5/14
Page 1 of 1

©Copyright 2014
Northwest Multiple Listing Service
ALL RIGHTS RESERVED

## IDENTIFICATION OF UTILITIES
## ADDENDUM TO PURCHASE AND SALE AGREEMENT

The following is part of the Purchase and Sale Agreement dated     December 10, 2017

between     Thomas J McGrath                                                                           1
           Buyer
and     undisclosed                                    Buyer                        ("Buyer")         2
        Seller                                                                        ("Seller")      3
concerning 8305    Cirque Drive W      5         University Place      WA  98467    (the "Property").  4
           Address                              City            State  Zip

Pursuant to RCW 60.80, Buyer and Seller request the Closing Agent to administer the disbursement of closing funds   5
necessary to satisfy unpaid utility charges, if any, affecting the Property. The names and addresses of all utilities   6
providing service to the Property and having lien rights are as follows:                                              7

WATER DISTRICT:
                          Name                                                                        8
                          Address                                                                     9
                          City, State, Zip                              Fax. No.                     10

SEWER DISTRICT:
                          Name                                                                       11
                          Address                                                                   12
                          City, State, Zip                              Fax. No.                    13

IRRIGATION DISTRICT:
                          Name                                                                      14
                          Address                                                                  15
                          City, State, Zip                              Fax. No.                   16

GARBAGE:
                          Name                                                                     17
                          Address                                                                 18
                          City, State, Zip                              Fax. No.                  19

ELECTRICITY:
                          Name                                                                    20
                          Address                                                                21
                          City, State, Zip                              Fax. No.                 22

GAS:
                          Name                                                                   23
                          Address                                                               24
                          City, State, Zip                              Fax. No.                25

SPECIAL DISTRICT(S):
(local improvement districts or
utility local improvement districts)
                          Name                                                                  26
                          Address                                                              27
                          City, State, Zip                              Fax. No.               28

If the above information has not been filled in at the time of mutual acceptance of this Agreement, then (1)        29
within _____ days (5 if not filled in) of mutual acceptance of this Agreement, Seller shall provide the Listing   30
Broker or Selling Broker with the names and addresses of all utility providers having lien rights affecting the Property  31
and (2) Buyer and Seller authorize Listing Broker or Selling Broker to insert into this Addendum the names and      32
addresses of the utility providers identified by Seller.                                                           33

Nothing in this Addendum shall be construed to diminish or alter the Seller's obligation to pay all utility charges   34
(including unbilled charges). Buyer understands that the Listing Broker and Selling Broker are not responsible for, or  35
to insure payment of, Seller's utility charges.                                                                       36

TJM   12/10/2017
Buyer's Initials   Date          Buyer's Initials   Date          Seller's Initials   12/10/17   Date          Seller's Initials   Date

Authentisign ID: D9165A54-5B4E-4D88-B696-77AADBB9A27D

Form 34
Addendum/Amendment to P&S
Rev. 7/10
Page 1 of 1

©Copyright 2010
Northwest Multiple Listing Service
ALL RIGHTS RESERVED

## ADDENDUM / AMENDMENT TO PURCHASE AND SALE AGREEMENT

The following is part of the Purchase and Sale Agreement dated _____12/10/2017_____ _____ 1

between ____Thomas J McGrath_____ 
    Buyer
_____ ("Buyer") 2
    Buyer

and ____Kathryn A. Ellis, Chapter 7 Trustee for____ Stewart_____ ("Seller") 3
    Seller                       Seller

concerning ___8305 Cirque Dr W #5_____ University Place___ WA_ 98467 (the "Property"). 4
    Address                City         State  Zip

IT IS AGREED BETWEEN THE SELLER AND BUYER AS FOLLOWS:                             5

To obtain Bankruptcy Court approval of this transaction, Seller will have to show that the sale will provide a benefit to  6
the unsecured creditors in the Case. For sales prices between $50,000-1,000,000, Buyer agrees to pay 5.5% of the  7
purchase price + $3,250 or $20,000, whichever is greater, at closing as a buyer premium to the estate. This fee must be  8
paid in full at closing and cannot be included in the loan amount. Fee will appear on HUD as Buyer Bankruptcy Fee.  9
Buyer represents that these funds are available and agrees to provide proof of funds within 48 hours of mutual  10
acceptance/initial signing by all parties.                                 11

In addition, Buyer shall be responsible for paying the Bankruptcy Court Filing Fee. Buyer acknowledges and agrees  12
to pay the sum of $181 as a non-refundable fee to the Bankruptcy Trustee for filing of a motion with the Bankruptcy  13
Court to approve sale free and clear of liens. Buyer shall deliver a check for this fee made payable to "Kathryn A.  14
Ellis" to the office of Kathryn Ellis (5506 6th Ave S., Suite 207, Seattle, WA 98108)           15
not later than 7 days from the seller filing a motion to approve the sale - buyer will be advised in writing upon filing of  16
the motion.                                       17

18
19
20
21
22
23
24
25
26
27
28
29
30

ALL OTHER TERMS AND CONDITIONS of said Agreement remain unchanged.             31

_TJM_ 12/10/2017                              12/12/17
Buyer's Initials  Date       Buyer's Initials   Date     Seller's Initials   Date     Seller's Initials   Date

Authentisign ID: D6155A54-6B4E-4D86-B5B6-77AADBB9A27D

**SHORT SALE ADDENDUM TO
PURCHASE & SALE AGREEMENT**

©Copyright 2014
Northwest Multiple Listing Service
ALL RIGHTS RESERVED

The following is part of the Purchase and Sale Agreement dated ___December 10, 2017___   1

between ___Thomas J McGrath___   2
Buyer    Buyer   ("Buyer")

and ___undisclosed___   3
Seller    Seller   ("Seller")

concerning 8305   Cirque Drive W   University Place   WA  98467   (the "Property").   4
Address    City    State  Zip

1. **SHORT SALE.** A "Short Sale" is a transaction that depends on Seller's creditor(s)' agreement to accept less than  5
the amount secured by the Property in order to satisfy Seller's obligations at Closing. Buyer and Seller  6
acknowledge that the purchase price is insufficient to cover Seller's obligations at Closing and that this Agreement  7
constitutes a Short Sale.  8

2. **SHORT SALE CONTINGENCY.** This Agreement is contingent upon Seller obtaining written consent from Seller's  9
creditor(s) for the Short Sale and Seller's acceptance of any conditions imposed by Seller's creditor(s) ("Lender  10
Consent"). Seller shall have _____ days (60 days, if not filled in) after mutual acceptance to obtain Lender  11
Consent. If Seller timely gives notice of Lender Consent to Buyer ("Notice of Lender Consent"), then this  12
contingency shall be deemed satisfied. If Seller fails to timely give Notice of Lender Consent to Buyer, then this  13
Agreement shall terminate and the Earnest Money, if deposited, shall be refunded to Buyer. If Seller becomes  14
aware that Seller's creditor(s) did not consent to the Agreement or if Seller decides not to accept the conditions  15
imposed by Seller's creditor(s), Seller shall give notice to Buyer of that fact within 2 days and upon Seller's notice,  16
this Agreement shall terminate and the Earnest Money, if deposited, shall be refunded to Buyer. Buyer and Seller  17
acknowledge that Seller has limited control over whether Seller's creditor(s) will consent to the sale and when  18
such consent is given.  19

3. **OFFERS FROM OTHER BUYERS.** Seller may accept offers from other buyers to purchase the Property to  20
submit to Seller's creditor(s). The parties are advised that some creditors may require that Seller submit multiple  21
offers in order to satisfy Seller's obligations to its creditors. Buyer acknowledges that this Agreement does not  22
have any priority over agreements with or offers from other buyers. Seller has limited control over which  23
agreement Seller's creditor(s) may approve, and Seller may continue to market the Property. At the time of the  24
offer, Buyer is advised to inquire about other offers that Seller may have already accepted.  25
If, after mutual acceptance, Seller submits an offer from another buyer to Seller's creditor(s), Seller must give  26
notice to Buyer of that fact within 2 days of each such offer ("Notice of Additional Offer"). Buyer may terminate this  27
Agreement within 3 days of receiving any Notice of Additional Offer, in which case, the Earnest Money, if  28
deposited, shall be refunded to Buyer.  29

4. **TERMINATION BY BUYER.** Buyer ❑ may; ❑ may not (may, if not filled in) terminate this Agreement at any time  30
prior to Notice of Lender Consent. Buyer maintains the right to terminate the Agreement under any other condition  31
or contingency in the Agreement prior to Notice of Lender Consent. If Buyer terminates this Agreement under this  32
Section, the Earnest Money, if deposited, shall be refunded to Buyer.  33

5. **COMPUTATION OF TIME.** For the purposes of computing time only (except for paragraph 2 above and the  34
specific items checked below), all timelines in this Agreement shall begin on the date of Notice of Lender  35
Consent. The timelines for the following items, if checked, shall instead begin on mutual acceptance:  36
☒ Deposit of Earnest Money      ☒ Inspection Addendum (Form 35)  37
❑ Financing Addendum (Form 22A)      ❑ Title Contingency Addendum (Form 22T)  38
❑ Buyer's Sale of Property Contingency Add. (Form 22B)      ❑ Septic Addendum (Form 22S)  39
❑ Homeowner's Assoc. Review Period (Form 22D)      ❑ Neighborhood Review (Form 35 or 35N)  40
❑ Other _____      ❑ Other _____  41

6. **CLOSING.** The Closing Date shall be _____ days (30 days, if not filled in) after Notice of Lender Consent,  42
which date shall supersede the Closing Date otherwise provided for in this Agreement.  43

7. **IMPLICATIONS OF A SHORT SALE.** The parties acknowledge that this Addendum does not fully explain all of  44
the implications of a Short Sale. The parties are advised to seek the advice of third party professionals regarding  45
this Agreement and the consequences of this Addendum. Seller acknowledges receipt of the Short Sale Seller  46
Advisory pamphlet prepared by Washington Departments of Licensing and Financial Institutions.  47

8. **NOTICES.** NWMLS Form 90SS (Notice Pursuant to Short Sale Addendum) shall be used for any notice required  48
by this Addendum.  49

_TJM_   12/10/2017    _____    _12/12/17_
Buyer's Initials   Date    Buyer's Initials   Date    Seller's Initials   Date    Seller's Initials   Date

# EXHIBIT 2

**Property:**          8305 CIRQUE DRIVE WEST UNIT 5
                     UNIVERSITY PLACE WA, 98467
**Subject:**           Court approval needed
**Body:**

> Please be advised court approval is needed to proceed with the
> short sale after negotiation on the price are agreed to.
> Motion should contain the verbiage stating "final sale" is
> contingent upon approval from Bank of America." If verbiage is
> not include an objection may take place.

**Attachment(s):**      No Attachment
**Created By/Date:**     PALACIOS, BLANCA - 08/28/2018 10:39:53
**Notification From:**   BLANCA.PALACIOS@PROPERTY.BANKOFAMERICA.COM
**Notification To:**     ROBIN@RMTREALESTATE.COM

As the Equator Workstation is a technology platform utilized by third parties (including Servicers, agents, vendors, buyers, sellers, brokers, et.al.) to communicate and manage the process related to Servicer properties, please be advised that Equator is not a party to any transactions that take place, is not responsible for, nor does it have any control over, the content or messages being sent through its platform and hereby disclaims all liability related to such transactions, content or messages.